NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**BRENT S. HORTON,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2026-1244

_____

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00562-SSS, Judge Stephen S. Schwartz.

_____

Decided: July 8, 2026

_____

BRENT S. HORTON, Hampton, VA, pro se.

SEAN KELLY GRIFFIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY, BRETT SHUMATE.

_____

PER CURIAM.

Brent Horton was separated from the Army and subsequently brought an action in the U.S. Court of Federal Claims ("Claims Court") challenging his separation and seeking back pay and other related relief. The Claims Court granted judgment on the administrative record for the government. For the reasons explained below, we affirm.

## BACKGROUND

Mr. Horton began serving in the Army in 2002, eventually reaching the rank of sergeant first class. On February 15, 2018, an administrative separation board ("Board") held a hearing and recommended that he be separated from the Army with a service characterization of under other than honorable conditions. S.A. 92.[1]

The conduct giving rise to Mr. Horton's separation mainly concerns domestic incidents involving his wife, stepdaughter, and stepson. In 2016, Mr. Horton was arrested after breaking into his stepdaughter's apartment, unlawfully accessing her computers, and taking over 1,000 pictures of things including her Facebook comments, identification documents, personal items, and the surroundings of her apartment. Around the same time, law enforcement investigated allegations of stalking, threats, and assault involving Mr. Horton's wife, stepdaughter, and stepson. In connection with this conduct, Mr. Horton was charged with burglary, criminal trespass, computer crime, harassment, and assault. Ultimately, a jury convicted Mr. Horton of criminal trespass and computer crime. S.A. 101, 131–32.

Separately, in 2014, allegations arose that Mr. Horton improperly shot paintballs at fellow soldiers during an Army training exercise. S.A. 263–69. Following an investigation, Mr. Horton's battalion commander imposed nonjudicial punishment, finding Mr. Horton violated Article

---

[1] "S.A." refers to the supplemental appendix filed by the government.

128 of the Uniform Code of Military Justice ("UCMJ") for assault. S.A. 256–59.

In 2017, Mr. Horton's commander initiated administrative separation proceedings under two provisions of Army regulations: (i) conviction by civil court, Army Reg. 635-200 ¶ 14-5 (2016); and (ii) commission of a serious offense, *id.* ¶ 14-12c. S.A. 150. Ultimately, the Board found that a preponderance of evidence supported two specifications of conviction by civil court and three specifications of commission of a serious offense. S.A. 129–30. Among the latter, the Board found that Mr. Horton: (1) assaulted his fellow soldiers by shooting them with paintballs; (2) assaulted his wife, verbally threatened her, and threatened her with a loaded pistol; and (3) stalked his stepdaughter. *Id.* The Board determined that these findings warranted separation and recommended that Mr. Horton be separated from the Army. The separation authority approved the Board's recommendation and directed Mr. Horton's discharge under "[¶] 14-12c, Commission of a Serious Offense." S.A. 92.

On April 3, 2024, Mr. Horton filed suit in the Claims Court seeking review of the Army's separation action, back pay, and related relief. The Claims Court granted judgment on the administrative record for the government, affirming the Board's decision to separate Mr. Horton.

Mr. Horton timely appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review a decision of the Claims Court granting or denying a motion for judgment on the administrative record without deference, applying the same standard of review as the Claims Court. *Barnick v. United States*, 591 F.3d 1372, 1377 (Fed. Cir. 2010). Under that standard, we examine the Board's decision and will not disturb it "unless it is arbitrary, capricious, contrary to law, or unsupported by substantial evidence." *Chambers v. United States*, 417 F.3d 1218, 1227 (Fed. Cir. 2005).

Mr. Horton argues that his separation, based on commission of a serious offense, was wrong because assault and stalking are not enumerated offenses in the relevant regulation. *See* Army Reg. 635-200 ¶ 14-12c(1)–(3). Mr. Horton misunderstands the regulation, which broadly defines commission of a serious offense as "[c]ommission of a serious military or civil offense, if the specific circumstances of the offense warrant separation and a punitive discharge is, or would be, authorized for the same or a closely related offense under the [Manual for Courts-Martial ('MCM')]." *Id.* ¶ 14-12c. The regulation includes certain examples, such as those listed in subparts (1) to (3), but does not enumerate all offenses that could constitute commission of a serious offense.

Both assault and stalking are offenses that fall within the regulation. The MCM lists both as offenses and authorizes a punitive discharge for each. MCM Part IV ¶ 54(e)(2), 54(e)(8)(a) (2016) (authorizing punitive discharge for violating UCMJ Article 128 (Assault)); *id.* ¶ 45a(e) (authorizing punitive discharge for UCMJ Article 120a (Stalking)). Mr. Horton does not dispute the factual basis for the offenses underlying his discharge for commission of a serious offense under ¶ 14-12c, including assaulting his fellow soldiers and wife and stalking his stepdaughter. Thus, Mr. Horton's assault and stalking offenses support his discharge under ¶ 14-12c.

## CONCLUSION

We have considered Mr. Horton's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the Claims Court's decision.

## AFFIRMED

### COSTS

No costs.